PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                    No. 02-4425

JOSEPH JOHNSON, JR.,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-01-248)

Argued: February 27, 2003

Decided: April 9, 2003

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Widener and Judge Niemeyer joined.

## COUNSEL

**ARGUED:** Frances Hemsley Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Michael Cornell Wallace, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nachmanoff, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Richmond, Virginia, for Appellee.

**OPINION**

WILKINSON, Circuit Judge:

Joseph Johnson, Jr. was convicted in a bench trial on two counts of violating 18 U.S.C. § 1623, which criminalizes the making of false declarations before a court. Johnson filed two documents with the district court that contained false material declarations: a petition for habeas corpus under 28 U.S.C. § 2254 and a court ordered response to the state's Fed. R. Civ. P. 12(e) motion for a more definite statement. We hold that both of the submissions constitute "proceedings before . . . any court" under 18 U.S.C. § 1623 and affirm the judgment.

I.

On April 21, 1993, Joseph Johnson, Jr. pled guilty to unlawful entry in the Circuit Court for Arlington, Virginia. He received a suspended sentence and was placed on probation. In April 1996, Johnson violated the terms of his probation. His previously suspended sentence was revoked, and Johnson failed to file a timely appeal.

Johnson filed his first federal habeas petition challenging his 1993 conviction in September 1998 in the district court of Virginia. However, on April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which amended 28 U.S.C. § 2244 to establish a one year period of limitations for the filing of a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d) (2003). Because Johnson's state court conviction was final prior to the enactment of AEDPA, Johnson had one full year after the enactment of AEDPA, that is until April 24, 1997, to file a federal habeas petition. *See id.*; *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). The district court therefore denied and dismissed his September 1998 petition as barred by the statute of limitations.

Johnson then filed a second habeas petition challenging his 1993 conviction. Although the petition was not filed until March 28, 2000, it was dated March 7, 1997, and notarized by Latisha Jackson, Prince

George's County, Maryland, on March 24, 1997. In the petition, Johnson was required to answer a question asking whether, "[o]ther than a direct appeal from the judgment of conviction and sentence, [has the petitioner] previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?" Johnson answered "no."

Under 28 U.S.C. § 2244, a petitioner cannot file a second or successive habeas application without first obtaining an order from the appropriate court of appeals authorizing him to do so. 28 U.S.C. § 2244(b)(3)(A) (2003). Because Johnson had not obtained such an order, the government moved to dismiss the petition as successive. Johnson responded that the March 2000 petition was not successive because it was actually delivered to prison authorities "as early as March, 1997" and was thus technically filed before the September 1998 petition.

The state then filed a motion requesting a more definite statement. *See* Fed. R. Civ. P. 12(e). Specifically, the state requested that Johnson set forth more precise details regarding when the March 2000 petition was delivered to prison authorities, the facility where Johnson was confined when he delivered the petition, and the name of the official to whom the petition was delivered. The court granted the state's motion.

Johnson submitted, under penalty of perjury, a more definite statement to the court. In it, Johnson declared that he delivered the March 2000 petition for writ of habeas corpus to prison authorities at the Prince George's County Detention Center, Upper Marlboro, Maryland, in March 1997, but that the petition was somehow misplaced. Johnson said he then refiled a copy of the March 1997 petition in March 2000.

The district court rejected Johnson's argument and denied the petition as successive under 28 U.S.C. § 2244(b)(3)(A). In doing so, the court pointed out that after Jackson notarized Johnson's March 2000 petition, Johnson had apparently altered the date and location where the petition was filed. Johnson thereafter made sworn misrepresentations as to when and where he submitted the March 2000 petition.

Due to such misconduct, the court referred the matter to the United States Attorney for appropriate action.

On December 18, 2001, the United States indicted Johnson on two counts of making a false declaration in violation of 18 U.S.C. § 1623.[1] Johnson filed a motion to dismiss the indictment, arguing that it constituted vindictive prosecution. The court dismissed Johnson's motion as without merit.

During the bench trial, the government introduced evidence indicating that in March 1997, when Johnson alleges the March 2000 petition was notarized by Latisha Jackson, Jackson was not yet a notary. The government also introduced evidence that Jackson had never been a notary in the state of Maryland, where the petition was allegedly notarized. Upon hearing this evidence, the court examined the original March 2000 petition and made specific findings that the notarial certification had been altered as to both the date and location.

Despite these findings, Johnson argued that he should not be convicted under § 1623 because the filing of the habeas petition and the response to the government's 12(e) motion did not constitute "proceeding[s] before or ancillary to any court or grand jury of the United States." The court rejected Johnson's argument and convicted him of both counts, reasoning that there can be nothing "more in a proceeding or ancillary to a proceeding than a document that actually initiates the proceeding . . . ." Johnson appeals.

## II.

Section 1623 criminalizes the making of false declarations before a grand jury or court. Under § 1623,

> Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any

---

[1]The government initially indicted Johnson for mail fraud under 18 U.S.C. § 1341. After realizing that Johnson's conduct did not violate the mail fraud statute, the government issued a superseding indictment charging him with violation of 18 U.S.C. § 1623.

proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.

Johnson argues that the false declarations here do not fall under § 1623 because they were not made in "any proceeding before or ancillary to any court or grand jury of the United States."

"In analyzing a statute, we begin by examining the text." *Carter v. United States*, 530 U.S. 255, 271 (2000). In doing so, we must assume that Congress used the words in the statute as they are ordinarily understood. If the language is unambiguous, we need look no further. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41 (1989). However the Supreme Court has recognized that statutory construction "is a holistic endeavor." *United Savings Assoc. of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988). We thus employ the traditional tools of statutory interpretation, examining language in the context of the statute as a whole, *United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993); the overall statutory scheme, *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 220-21 (1986); and other relevant enactments, *United States v. Stewart*, 311 U.S. 60, 64 (1940).

Johnson admits that the term "in a proceeding before" "normally would encompass the initiation of litigation." "Proceeding" is defined as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Black's Law Dictionary 1221 (7th ed. 1999). Despite this clear and well accepted understanding of the term, Johnson interprets the statute to reach only "those proceedings actually conducted in front of a court . . . ."

Johnson's interpretation of the statute, however, defies not only a plain understanding of the language at issue, but would render much of the statute meaningless. It is a well settled canon of statutory construction that "a statute should be interpreted so as not to render one

part inoperative." *Colautti v. Franklin*, 439 U.S. 379, 392 (1979). And limiting the reach of "proceeding before . . . any court" to live testimony would do just that. Section 1623 covers not only false oral declarations but also false representations made "in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28."[2] We cannot interpret the statute to cover only live testimony before a court or grand jury when the statute explicitly contemplates the submission of written documents to a court or grand jury.

We also cannot accept the view that the filing of a petition with a court, which commences the action and triggers the formalities of judicial process, does not constitute a "proceeding before" a court. The Federal Rules of Civil Procedure state that a "civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and proceed to define the style of the complaint. *See* Fed. R. Civ. P. 8. Similarly, the Federal Rules of Criminal Procedure are invoked by the submission of a written complaint "before a magistrate judge." Fed. R. Crim. P. 3. And the filing of a § 2254 petition triggers both federal habeas corpus rules and the Federal Rules of Civil Procedure. *See* Rules Governing Section 2254 Cases in the United States District Courts, 1, 11. Indeed, we cannot conceive how a filing that implicates so many rules of procedure cannot be considered part of a proceeding before a court.

A reading of the statute in the context of related enactments reinforces our interpretation. Johnson cites to 28 U.S.C. § 1826 and 18 U.S.C. § 6002, which contain similar statutory language, to support his narrow reading of "proceeding before . . . any court." Section 1826 permits a court to order confinement of a witness whenever a "witness in any proceeding before or ancillary to any court or grand jury . . .

---

[2]Section 1746 provides that when "any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ." 28 U.S.C. § 1746 (2003).

refuses . . . to comply with an order of the court to testify or provide other information . . . ." 28 U.S.C. § 1826 (2003). Section 6002 is a general immunity provision that applies "[w]henever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to a court or grand jury of the United States . . . ." 18 U.S.C. § 6002 (2003). Both of these provisions appear to contemplate live oral testimony before a court or grand jury, or in a deposition. *See Dunn v. United States*, 442 U.S. 100, 111 (1979). In both §§ 1826 and 6002, Congress used the terms "witness" and "testimony." When read together, those terms imply oral testimony. But those terms are noticeably absent from § 1623. Indeed, through the explicit inclusion in § 1623 of material misrepresentations made in declarations, certificates, verifications, and statements, Congress made clear that it also intended to cover written declarations.

Finally, Johnson argues that if a false material declaration is not made in the presence of a court it must at least be made in a proceeding that is as formal as a deposition. Because Johnson wrote the false statements while he was in prison, Johnson argues that they were not drafted in sufficiently formal conditions to warrant prosecution under § 1623. *See Dunn*, 442 U.S. 100.

In *Dunn*, the Court considered whether § 1623 reached an oral statement given under oath in an attorney's office. A transcript of the statement was later submitted to the court as an attachment to a motion to dismiss. *Id.* at 103. Johnson's case, however, not only has different facts from *Dunn*; it does not even involve the same portion of the statute. The Court made clear that its decision in *Dunn* turned solely on "the scope of the term ancillary proceeding in § 1623 . . . ." *Id.* at 102. Johnson's case does not implicate the "ancillary proceeding" portion of the statute because Johnson made false material statements directly in a proceeding before the court.

Moreover, Johnson filed his declarations with the court. This is in contrast to the attorney's office statement in *Dunn*, which may or may not have been used in a judicial proceeding. In *Dunn*, the Court was troubled by the prospect that "any statements made under oath for submission to a court, whether given in an attorney's office or in a local bar and grill, fall within the ambit of § 1623." *Id.* at 107. It made

clear that its interpretation of the term "proceeding" carried a "somewhat more formal connotation." *Id.* It is beyond question that the filing of a habeas petition with a court, or the filing of a court ordered response to a motion, satisfy the formality requirements underscored by the Court in *Dunn*. Both submissions constitute "proceedings before . . . any court" under § 1623.

### III.

Next, Johnson argues that his conviction must be vacated because the superseding indictment charging him with violating § 1623 constituted vindictive prosecution. A criminal defendant faces a substantial burden in bringing a vindictive prosecution claim. A "presumption of regularity" attends decisions to prosecute. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). To establish prosecutorial vindictiveness, a defendant must show through objective evidence that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001).

Johnson fails to meet either standard here. After Johnson filed a motion to dismiss the mail fraud indictment, *see* 18 U.S.C. § 1341, the government acknowledged that the mail fraud statute did not apply. The government's filing of more appropriate charges under § 1623 on the same set of operative facts does not constitute evidence of vindictive prosecution. There is no evidence that the government filed the superseding indictment for any reason other than to bring proper charges. We therefore affirm the district court's dismissal of this claim.

### IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*