**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4728**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS E. SMOLKA,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (3:05-cr-00525-REP)

———————

Argued:  November 2, 2007      Decided:  January 11, 2008

———————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Robert James Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:** Michael S. Nachmanoff, Acting Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas E. Smolka appeals his conviction for failing to appear at a court proceeding in violation of 18 U.S.C.A. § 3146(a)(1) (West 2000), and he raises numerous challenges to his sentence. We affirm.

In January 2003, Smolka pled guilty to mail and wire fraud charges stemming from his scheme, as a licensed attorney, to defraud clients by falsely promising to provide them legal advice during post-conviction relief proceedings. Smolka was released on bond pending his August 28, 2003, sentencing in the Eastern District of Virginia, but he fled the jurisdiction and failed to appear at sentencing. Federal marshals eventually located Smolka in Portland, Oregon, and arrested him on March 23, 2004. He was returned to the Eastern District of Virginia and, in September 2004, sentenced to a prison term of 78 months on the mail and wire fraud convictions. In reaching this sentence, the district court took into account Smolka's failure to appear for sentencing and imposed an obstruction enhancement under U.S.S.G. § 3C1.1.

During the time that he was a fugitive in Oregon, Smolka, operating under a false identity, concocted various fraudulent schemes that resulted in additional fraud-based charges. In August 2004, after Smolka had been returned to federal custody in Virginia, a federal grand jury in Oregon indicted him on a number of charges, including mail fraud, bank fraud, and Social Security

2

fraud.  In August 2005, Smolka pled guilty in Oregon to these three charges, for which he received a sentence of 37 months to run consecutively to the 78-month sentence imposed in the Eastern District of Virginia.

Finally, on December 6, 2005, Smolka was indicted for violating 18 U.S.C.A. § 3146 based on his failure to appear at his sentencing for mail and wire fraud in August 2003 in Virginia. Section 3146(a)(1) punishes anyone who has been released under 18 U.S.C.A. § 3143(a) pending sentencing and "knowingly . . . fails to appear before a court as required by the conditions of release." 18 U.S.C.A. § 3146(a)(1).  Following unsuccessful motions for recusal of the district judge and for the dismissal of the indictment for prosecutorial vindictiveness, Smolka opted for a bench trial.  However, when the district court advised him that this option could undermine his recusal argument on appeal, Smolka requested a jury trial.  At trial, Smolka stipulated to all of the government's evidence and presented no evidence of his own.  The jury returned a guilty verdict.

The district court imposed a 60-month sentence to run consecutively to his other sentences.  This sentence consisted of a 51-month term for the failure to appear offense under 18 U.S.C.A. § 3146(a)(1), plus an enhancement of nine additional months under 18 U.S.C.A. § 3147 (West 2000).

On appeal, Smolka argues that the district court erred in denying his motion to dismiss the indictment as vindictive. Smolka contends that the government intentionally delayed charging him with failure to appear under § 3146(a)(1) in order to manipulate the sentencing guidelines to produce a much greater sentencing range than would have otherwise applied. According to Smolka, if the government had charged him earlier, the district court could have sentenced him for the failure to appear conviction and the predicate mail and wire fraud convictions at the same time, and the guidelines would have required the court to group the charges. See U.S.S.G. § 3C1.1, cmt. n.8. Application of the grouping rules, argues Smolka, would have yielded concurrent, not consecutive, sentences.

The district court rejected Smolka's argument, finding that he failed to present sufficient evidence of vindictiveness on the part of the government to overcome the presumption of regularity attached to prosecutorial decisions. See United States v. Johnson, 325 F.3d 205, 210 (4th Cir. 2003). The district court likewise rejected Smolka's claim that the pre-indictment delay, i.e., "the passage of time between the alleged crime and the indictment," deprived him of his right to a fair trial under the Due Process Clause, see United States v. Marion, 404 U.S. 307, 323-24 (1971), concluding that Smolka suffered no prejudice from the separate trial and sentencing on the failure to appear charge.

4

We agree that Smolka failed to establish this claim. Having reviewed the record, we find it devoid of facts suggesting vindictiveness by the prosecution. The alleged pre-indictment delay is the result of Smolka's own conduct, including his flight from justice and the criminal activity he engaged in while he was a fugitive. Accordingly, we affirm the denial of his motion to dismiss the indictment as vindictive.

Next, Smolka argues that the district judge was required to recuse himself under 28 U.S.C.A. § 455 (West 2006), which mandates that any district judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Moreover, disqualification is required "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.A. § 455(b)(1). Smolka points to various snippets of the record that purportedly call into question the impartiality of the district court, including the judge's comments during the prior 2004 sentencing hearing that Smolka was an "embarrassment" to the legal profession; that he preyed on weak and vulnerable victims; and that Smolka was unlikely to learn any lesson from his conviction and punishment. Smolka further suggests that the district judge's animosity for him was apparent during the sentencing proceedings for his § 3146 conviction, as reflected by the court's rulings on various enhancements and the judge's

5

characterization of various defense arguments as frivolous. Because none of the comments offered by Smolka, nor any other facts in the record, rise to the level of disqualifying bias, we conclude that the district court was well within its discretion to deny the recusal motion. See United States v. Cole, 293 F.3d 153, 164 (4th Cir. 2002). Likewise, the legal rulings made by the district court in the course of imposing Smolka's sentence were an insufficient basis for a recusal motion. See Liteky v. United States, 510 U.S. 540, 555 (1974) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Smolka also raises several sentencing issues. First, Smolka contends that in determining an appropriate sentencing range as recommended by the guidelines, the district court failed to group Smolka's obstruction offense under 18 U.S.C.A. § 3146 with the "underlying offense (the offense with respect to which the obstruction conduct occurred)." See U.S.S.G. § 3C1.1, cmt. n.8. Smolka asserts that proper application of the grouping rules would have produced the same guideline range for both the failure to appear offense and the predicate wire and mail fraud offenses as Smolka originally faced in his 2004 sentencing for only the mail and wire fraud offenses. Because Smolka's 78-month sentence was at the top of the sentencing range used in the 2004 sentencing, Smolka argues that he should not have received any additional prison time.

See, e.g., <u>United States v. Gigley</u>, 213 F.3d 503, 505-07 (10th Cir. 2000).

The government contends that the language of 18 U.S.C.A. § 3146(b)(2) requires that "[a] term of imprisonment imposed under [18 U.S.C.A. § 3146] . . . be <u>consecutive</u> to the sentence of imprisonment for any other offense." 18 U.S.C.A. § 3146(b)(2) (emphasis added). In response, Smolka relies upon the commentary to U.S.S.G. § 2J1.6, which suggests that the sentencing court may determine a total sentence for both the underlying offense and the § 3146 offense and then divide the sentences between the offense.

To the extent that a guidelines provision conflicts with a statute, we must follow the statute. See <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993). In view of the clear congressional directive set forth in § 3146(b)(2), we conclude that the district court correctly determined that it was required to impose the term of imprisonment for Smolka's violation of § 3146(a) consecutively. See <u>United States v. Packer</u>, 70 F.3d 357, 59-60 (5th Cir. 1995); <u>United States v. Crow Dog</u>, 149 F.3d 847, 849-50 (8th Cir. 1998).

Smolka next argues that he was entitled to a downward adjustment of his offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1(a). Smolka's argument rests on the fact that he did not object to the obstruction enhancement during the 2004 sentencing for his wire and mail fraud convictions, that he stipulated to the evidence at trial, and that he proceeded to trial

7

only to preserve for appeal the issues of prosecutorial vindictiveness and recusal. We disagree.

The sentencing court's decision whether or not to award an acceptance of responsibility adjustment is committed to the court's broad discretion. See U.S.S.G. § 3E1.1, cmt. n.5. Typically, a defendant who proceeds to trial is precluded from receiving a reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1, cmt. n.2. Smolka argues that he went to trial only to preserve issues unrelated to factual guilt. See id. (explaining that in rare instances a defendant who goes to trial may be eligible for acceptance of responsibility where he does so to challenge the constitutionality of a statute or contest the applicability of a statute to his conduct). Even if the defendant enters a guilty plea, an acceptance of responsibility adjustment is not automatic. See U.S.S.G. § 3E1.1, cmt. n.3. We agree Smolka failed to demonstrate that this is the rare case in which an acceptance of responsibility adjustment is appropriate despite his having gone to trial. Smolka is neither raising a constitutional challenge to § 3146 nor challenging its application to his conduct. We conclude that the district court's refusal to award an acceptance of responsibility adjustment was not an abuse of discretion.

Smolka also raises a double counting challenge to his sentence. In sentencing Smolka for his mail and wire fraud offenses in 2004, the district court took into consideration his

8

failure to appear for sentencing and increased Smolka's offense level by two levels under U.S.S.G. § 3C1.1. Without the two-level increase, Smolka's sentencing range would have been 51-63 months. In determining Smolka's total offense level on the failure to appear offense in 2006, the district court imposed a three-level enhancement under U.S.S.G. § 2J1.7 and 18 U.S.C.A. § 3147 because it was an "offense committed while on release." See U.S.S.G. § 2J1.7 ("If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release . . .").

We note that, to avoid any improper double counting, the district court concluded a downward departure from the resulting sentencing range was appropriate and reduced the final range by 15 months. Moreover, we have previously determined that Congress intended for an enhancement under § 3147 to apply to an offense under § 3146(a). Accordingly, we reject Smolka's double counting claim. See United States v. Fitzgerald, 435 F.3d 484, 487 n.3 (4th Cir. 2006) ("Although the enhancement is based on the conduct in the underlying offense, such double-counting is . . . authorized" because "the plain, unambiguous language of § 3147 and the Guidelines permit the enhancement.") (internal quotation marks omitted).

Next, Smolka challenges the district court's conclusion that his criminal history was underrepresented by criminal history

category III and that category VI more accurately reflected Smolka's criminal history. See U.S.S.G. § 4A1.3(a)(1). The district court concluded that "Smolka's criminal history is underrepresentative of the likelihood that he would recidivate," J.A. 515, and that "[h]e has repeatedly time after time shown a willingness to violate the law. He violated the law while he was on release . . . and it reflects . . . the kind of extensive criminal involvement that's reflected in a category VI criminal history," J.A. 516-17.

Smolka claims that the district court's upward criminal history departure cannot be affirmed because the district court failed to consider, before settling on category VI, whether the intermediate criminal history categories adequately represented Smolka's criminal history. When a post-Booker sentencing court determines that appropriate grounds exist for a departure based on the inadequacy of Smolka's criminal history score, the court still must adhere to our pre-Booker requirement that courts depart incrementally. See United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007). This practice, however, does not require the court "to move only one level, or to explain its rejection of each and every intervening level," nor do we require the sentencing court to "go through a ritualistic exercise in which it mechanically discusses each criminal history category . . . it rejects en route to the category . . . that it selects." Id. (internal quotation marks

10

omitted).  We conclude that the district court provided sufficient reasoning from which it is apparent that it considered, but found inadequate, Criminal History Categories IV and V.  In affirming the district court's upward departure, we also reject Smolka's collateral estoppel argument.  See United States v. Salemo, 81 F.3d 1453, 1464 (9th Cir. 1996).

We have reviewed Smolka's remaining arguments in light of the record and the findings of the district court and conclude that they are without merit.

Accordingly, we affirm the decision of the district court.

AFFIRMED